```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JONATHAN W. CAIN, JR.,

                  Appellant,          Case No.:20-CV-5630(JS)
                                      ORDER Regarding Cain's
     -against-                        Opposition to Appellee's
                                      Disclosure Statement

J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

                  Appellee.¹
----------------------------------x
APPEARANCES:

For Plaintiffs:    Jonathan W. Cain, Jr., pro se
                   69 Manor Avenue
                   Hempstead, NY  11550

For Defendants:    Ashley S. Miller, Esq.
                   Akerman LLP
                   1251 Avenue of the Americas, 37th Floor
                   New York, NY  10020
```

SEYBERT, District Judge:

The Court assumes the parties' familiarity with the factual background of this bankruptcy appeal, as well as Appellant Cain's underlying Chapter 13 bankruptcy case. This Order addresses Appellant Cain's ("Mr. Cain") opposition to the Appellee JP Morgan's filing of its Disclosure Statement. (See Statement Opposition, ECF No. 15.) JP Morgan has not responded.

---

[1] The Appellant asserts that Mr. Cain has improperly named it "J.P. Morgan Chase Bank, National Association" and that its proper name is JP Morgan Chase Bank N.A. The Court need not address that issue herein and for convenience shall simply refer to Appellant as "JP Morgan".

This Court sits as an appellate court in this matter. See 28 U.S.C. § 158. Therefore, the filing of a corporate disclosure statement is governed by Rule 26.1 of the Federal Rules of Appellate Practice. "A party must file the Rule 26.1(a) statement with the principal brief or upon filing a motion, response, petition, or answer in the court of appeals, whichever occurs first . . . ." FED. R. APP. P. 26.1(b). Further, "the purpose of this rule is to assist judges in making a determination of whether they have any interest in any of a party's related corporate entities that would disqualify the judges from hearing the appeal." FED. R. APP. P. 26.1, Advisory Committee Notes (1989 Addition).

On March 5, 2021, upon Mr. Cain's request and over JP Morgan's objection, the Court temporarily stayed this appeal pending Mr. Cain's seeking reconsideration in the bankruptcy court of the dismissal of his bankruptcy case. (See March 5, 2021 Electronic Stay ORDER (hereafter, the "Stay Order").) As part of its Stay Order, the Court directed JP Morgan to file a Status Report with this Court after the bankruptcy court rendered a decision on Mr. Cain's reconsideration motion. (See id.) JP Morgan did so on April 6, 2021. (See Status Report, ECF No. 13.) That same day, JP Morgan also filed its Corporate Disclosure Statement (hereafter, "Statement"), but pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. (See Statement, ECF No.

14). Notably, because of the stay of the appeal, JP Morgan had not yet filed its responsive brief to Mr. Cain's appellate brief (see ECF No. 8). Thus, given the procedural posture of this appeal, the Court deems JP Morgan's filing of its Statement to be timely pursuant to Appellate Rule 26.1(b).

To the extent Mr. Cain opposes JP Morgan's filing of its Statement, his opposition is without merit. Relying upon Rule 7.1 of the Federal Rules of Civil Procedure, Cain objects to the Statement not having been "filed during the initial stages of the case" which, he contends, "has prove[n] to be an extreme prejudicial due process violation to this case." (Statement Opposition at 1.) Indeed, Rule 7.1(b) requires a party to "file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court." FED. R. CIV. P. 7.1(b)(1). However, "Rule 7.1 is drawn from Rule 26.1 of the Federal Rules of Appellate Procedure, with changes to adapt to the circumstances of district courts that dictate different provisions for the time of filing . . . ." FED. R. CIV. P. 7.1, Advisory Committee Notes (2002 Adoption).

In this instance, considering of the procedural posture of the appeal, especially the fact that this appeal was stayed upon Mr. Cain's request to facilitate him seeking reconsideration of the bankruptcy court's dismissal of his Chapter 13 bankruptcy case, the Court finds – under either Rule 7.1 of the Federal Rules

of Civil Procedure or Rule 26.1 of the Federal Rules of Appellate Procedure – that JP Morgan's filing of its Statement simultaneously with its Status Report to be "filed during the initial stages of th[is appeal]."

Moreover, similar to Appellate Rule 26.1, "[t]he primary purpose of the Rule 7.1 Disclosure Statement is to place judges on notice of the financial affiliations of a nongovernmental corporate party that appears before them." Ha v. Deutsche Bank N.J. Servs., Inc., No. 03-CV-8180, 2005 WL 589408, at *2 (S.D.N.Y. Mar. 11, 2005) (citing FED. R. CIV. P. 7.1(a); Rule 7.1 Advisory Committee Notes). Disclosure statements are meant to assist jurists in determining whether "[r]ecusal may be appropriate where a judge has a financial interest in the corporate party, its parent company, or in a publicly held corporation that holds a particular stock percentage in the party." Id. Considering the reason for Rule 7.1 and the reason for analogous Appellate Rule 26.1, the Court finds JP Morgan's April 6, 2021 filing of its Statement did not constitute a due process violation, let alone a violation that was extremely prejudicial. Rather, it has fulfilled its intended purpose of assisting the undersigned in determining that disqualification to decide this appeal is not required. Hence, there is no basis to sustain Mr. Cain's opposition to JP Morgan's Statement.

Accordingly, to the extent necessary, the Court OVERRULES Appellant Cain's objection to JP Morgan's filing of its Statement.  Further, JP Morgan is directed to serve Mr. Cain with a copy of this Order by email and U.S. mail and file proof of said service by no later than by April 27, 2021.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J

Dated:   April 23, 2021
         Central Islip, New York