UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
JONATHAN W. CAIN, JR.,

                        Appellant,          Case No.:20-CV-5630(JS)
                                            ORDER LIFTING STAY and
        -against-                           DIRECTING CONSOLIDATION

J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

                        Appellee.
---------------------------------x
APPEARANCES:

For Plaintiffs:     Jonathan W. Cain, Jr., pro se
                    69 Manor Avenue
                    Hempstead, NY  11550

For Defendants:     Ashley S. Miller, Esq.
                    Akerman LLP
                    1251 Avenue of the Americas, 37th Floor
                    New York, NY  10020

SEYBERT, District Judge:


        Over the objection of Appellee J.P. Morgan Chase Bank,
National Association (hereafter, "JP Morgan"), Appellant Cain's
instant appeal (hereafter, the "First Appeal") was stayed while
Mr. Cain sought reconsideration in the bankruptcy court of
Bankruptcy Judge Grossman's order dismissing Mr. Cain's Chapter 13
bankruptcy case, Case No. 8:20-70171. (See First Appeal, Mar. 5,
2021 Electronic ORDER (hereafter, the "Stay Order").)  On March
18, 2021 and by endorsed order, Bankruptcy Judge Grossman denied
Mr. Cain's motion for reconsideration (hereafter, the
"Reconsideration Denial"); on April 2, 2021, Mr. Cain filed a

notice of appeal of the Reconsideration Denial.  See Cain v. J.P. Morgan Chase Bank, National Association, et al., No. 21-CV-1854, Notice of Appeal, ECF No. 1-1 (E.D.N.Y. Apr. 5, 2021)(hereafter, the "Second Appeal").

In accordance with the Court's Stay Order which directed JP Morgan "to file a Status Report regarding [Bankruptcy Judge Grossman's] decision and, if appropriate, requesting a renewed briefing schedule in th[e First A]ppeal," on April 6, 2021, JP Morgan filed its Status Report. (See ECF No. 13)  Given that Mr. Cain filed the Second Appeal, which also related to his Chapter 13 case, Case No. 8:20-70171, "and for purposes of judicial economy," JP Morgan "request[ed] this Court consolidate the two appeals and order a new briefing schedule," and suggested that "Mr. Cain be permitted time to supplement his brief in the current appeal[1] based on the motion for reconsideration record and arguments he raised in that motion, and that [it] be permitted to file a single responsive brief accordingly."  (See id.)  To date, Mr. Cain has not responded to JP Morgan's consolidation and briefing requests raised in the Status Report, which was served upon him. (See Decl. of Serv., ECF No. 13-1.)

This Court sits as an appellate court in this matter. See 28 U.S.C. § 158.  Pursuant to Rule 3 of the Federal Rules of

---

[1] Note:  Mr. Cain's initial appellate brief is docketed in the instant case, the First Appeal, as ECF No. 8.

Appellate Procedure, an appellate court may consolidate appeals. See FED. R. APP. P. 3(b)(2)("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."); cf. FED. R. CIV. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may consolidate the actions.").  The Second Circuit has instructed "that, '[i]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'"  Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3d 626, 642 (2d Cir. 2011) (quoting Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)).  That is, "consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice."  Id. (quoting Devlin, 175 F.3d at 130) (emphasis in original) (internal quotation marks omitted).

Here, the Second Appeal involves the same bankruptcy case and the same parties, and challenges the same issue, i.e., the dismissal of Mr. Cain's Chapter 13, but by way of appealing the Reconsideration Denial, an order denying Mr. Cain's motion to reconsider the dismissal order.  Considering: (1) that appellate briefing was stayed in the First Appeal to accommodate Mr. Cain's reconsideration motion in the bankruptcy court; (2) no briefing has been ordered in the Second Appeal; and (3) both Appeals address the same issue, the Court finds consolidation of the First and

Second Appeals, in their nascent postures, would be judicially economical -- fostering savings of expense and gains of efficiency -- without sacrificing justice.  Moreover, the Court notes that JP Morgan's consolidation request is unopposed.

Accordingly, in light of the Court's Stay Order, and having considered JP Morgan's Status Report, to which Mr. Cain has not responded, as well as having reviewed the filings in the Second Appeal, **IT IS HEREBY ORDERED**:

(1)  The stay imposed by the Court's March 5, 2021 Stay Order in the instant case is lifted;

(2)  Mr. Cain's Second Appeal, Case No. 21-CV-1854, is consolidated with the instant case, the First Appeal, which is being designated the Lead Case; and

(3)  **All future filings are to be made in this case, Case No. 20-CV-5630**.

**IT IS FUTHER ORDERED** that:

(4)  Mr. Cain shall have until June 4, 2021 to supplement his initial appellate brief (see ECF No. 8) to raise and address all appropriate appellate issues regarding the Reconsideration Denial;

(5)  Appellee JP Morgan is to file and serve a single responsive brief to Mr. Cain's initial appellate

brief and supplemental appellate brief, if any, by no later than July 9, 2021;

(6)   Any other appellee identified in the Second Appeal shall, likewise, have until July 9, 2021 to file and serve a responsive brief, if any; and

(7)   Mr. Cain shall have until August 6, 2021 to file and serve his replies, if any.

**IT IS FURTHER ORDERED** that the Clerk of Court is to also docket this ORDER in the Second Appeal, Case No. 21-CV-1854.

**IT IS FURTHER ORDERED** that, by April 27, 2021, JP Morgan is to serve Mr. Cain with a copy of this Order by email and U.S. mail and file proof of said service.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J

Dated:   April 23, 2021
         Central Islip, New York